**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WILBERT LEE GREEN, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-07-CV-34 (TJW) |
| | § | |
| UNION PACIFIC RAILROAD CO., | § | |
|    Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Union Pacific Railroad Co.'s ("Union Pacific") Motion to Transfer Venue (#8). The defendant requests that this case be transferred to the Northern District of Texas or, alternatively, to the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). After considering the parties' written submissions and the applicable law, the motion is DENIED for the reasons expressed below.

**I.   Factual Background**

This action arises under the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.* and the Locomotive Inspection Act, 49 U.S.C. § 20701. The plaintiff also makes a claim of false imprisonment. The plaintiff alleges that he was injured while working as a conductor for Union Pacific. According to the plaintiff, these injuries were sustained when he attempted to climb down from a locomotive. The plaintiff contends that Union Pacific is responsible for his injuries because it failed to provide him with a reasonably safe place to work.

The plaintiff is a resident of Tyler, Texas. Union Pacific is a foreign railroad company that owns the track where the incident occurred.

**II.     Discussion**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004).  It is within the district court's sound discretion whether to transfer venue under section 1404(a).  *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676.  The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771.  The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws.  *Id.*  The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676.

To meet this burden, the moving party must show that "the balance of convenience and justice *substantially* weighs in favor of transfer." *Mohamed*, 90 F. Supp. 2d at 768.

  A.  *Convenience Factors*

### 1. The plaintiff's choice of forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiff chose to bring this suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

### 2. The convenience of parties and material witnesses

The Court will first assess the convenience of the parties. The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. In this case, the defendant is a foreign corporation. The defendant will be inconvenienced regardless of whether the case is transferred. On the other hand, the plaintiff resides in Tyler, Texas. The distance between Tyler and Marshall is within 100 miles. This distance is not far enough to weigh substantially in favor of a transfer. In the Court's view, the convenience of the parties does not weigh in favor of transfer.

The Court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience

of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

In its moving papers, the defendant has submitted a list of potential fact witnesses. *Defendant's Motion to Transfer Venue ("Defendant's Motion")*, Exh. 1. Most of these fact witnesses are Union Pacific employees. In addition, the defendant lists several treating physicians - two are located in Tyler and one is located in Houston. *Defendant's Motion*, at 6. The defendant, however, has not specifically identified any "key" nonparty witnesses and has not shown that its material, non-party witnesses will be *substantially* inconvenienced if the Court denies transfer. Accordingly, the Court finds that the convenience of non-party witnesses does not weigh in favor of transfer.

### 3. The place of the alleged wrong

The parties do not dispute that the injury occurred in the Northern District of Texas. This factor weighs in favor of transfer.

### 4. The cost of obtaining the attendance of witnesses and the availability of compulsory process

In its moving papers, the defendant contends that the cost of bringing its employee witnesses would be cheaper if this case were transferred to the Northern District of Texas. *Defendant's Motion*, at 5. The defendant, however, does not discuss the cost of obtaining the attendance of non-employee witnesses. Thus, the cost of obtaining the attendance of witnesses does not weigh in favor of transfer.

5. The accessibility and location of sources of proof

The parties do not address this factor. Therefore, this factor is neutral as to transfer.

6. The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). Because it is early in the litigation, the plaintiff would not be prejudiced by a transfer. *Ledoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 838 (E.D. Tex. 2002). Therefore, this factor is neutral. *Id.*

    B.    *Public Interest Factors*

1. The administrative difficulties caused by court congestion

The defendant does not dispute that this Court can dispense with this case as efficiently as the Northern District of Texas or the Tyler Division of the Eastern District of Texas. Accordingly, this factor does not weigh in favor of transfer.

2. The local interest in adjudicating local disputes

The defendant contends that there is a local interest in resolving this litigation among the residents of the Northern District of Texas because the alleged injury occurred there. *Defendant's Motion*, at 8. The citizens of Marshall, however, also have an interest in making sure railroad operations are conducted safely. Therefore, this factor is neutral.

3. The unfairness of burdening citizens in an unrelated forum with jury duty

The defendant argues that the residents of the Marshall Division would be more burdened with the jury duty and resolution of this dispute than the citizens of the Northern District of Texas.

*Defendant's Motion*, at 8. The citizens of Marshall, however, would be interested to know whether the trains operating in close proximity to the Marshall Division are defective. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 780 (E.D. Tex. 2000). In the Court's view, this factor is neutral as to transfer.

4. The avoidance of unnecessary problems in conflict of laws

The plaintiff asserts claims based on federal law and Texas state law. This Court and the court in the Northern District of Texas or the court in the Tyler Division of the Eastern District of Texas are all capable of applying the law to the claims in this case. Accordingly, the Court finds that this factor is neutral as to transfer.

**III.    Conclusion**

The Court has considered the applicable factors under 28 U.S.C. § 1404(a). The defendant has not satisfied its burden of showing that the balance of convenience and justice substantially weighs in favor of transfer in this case. The Court has exercised its discretion and has concluded that transfer to the Northern District of Texas or, alternatively, to the Tyler Division of the Eastern District of Texas is not warranted. Accordingly, the Court DENIES the Defendant's Motion to Transfer Venue.

SIGNED this 6th day of July, 2007.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE